DAVID A. HUBBERT
Deputy Assistant Attorney General

LANDON YOST
KENTON MCINTOSH
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
Phone: 202-307-2144 (Yost); 202-514-3768 (McIntosh)
Fax: 202-307-0054
Landon.M.Yost@usdoj.gov
Kenton.McIntosh@usdoj.gov

*Counsel for the United States*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LAWRENCE J. SEMENZA II; ROMIE SEMENZA; LAWRENCE J. SEMENZA, LTD.; PHILIPPE SCHAAD; SHOOTING GALLERY PUBLICATIONS, LLC; TESLA, INC.,<br><br>　　　　　Defendants. | Case No. 2:22-cv-2059<br><br>**COMPLAINT** |

The plaintiff, the United States of America, complains and alleges as follows:

**<u>INTRODUCTION</u>**

1. This is a civil action timely brought by the United States to:

   a. reduce to judgment the outstanding joint federal tax assessments against Defendants Lawrence J. Semenza II and Romie Semenza (collectively "the Semenzas");

   b. reduce to judgment the outstanding separate federal tax assessments against Defendant Lawrence J. Semenza II;

1

    c.  reduce to judgment outstanding federal tax assessments against Defendant Lawrence J. Semenza, Ltd.;[1]

    d.  find that a parcel of real property (the "Subject Property"), located in Clark County, Nevada, described more completely below, is held by a nominee/alter ego/constructive trust of the Semenzas and/or the Semenzas' transfer of the property is void as fraudulent or constructively fraudulent;

    e.  to foreclose federal tax liens on the Subject Property; and

    f.  to sell the Subject Property and distribute the proceeds from such sale in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties.

**AUTHORIZATION FOR SUIT**

2. This action is commenced pursuant to 26 U.S.C. §§ 7401, 7402, and 7403 at the direction of the Attorney General of the United States and at the request, and with the authorization of, the Chief Counsel of the Internal Revenue Service (the "IRS"), a delegate of the Secretary of the Treasury of the United States.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. §§ 7402 and 7403.

4. Venue properly lies in the District of Nevada pursuant to 28 U.S.C. §§ 1391 and 1396, because the Semenzas reside in the District of Nevada and because the Subject Property at issue is located within the District of Nevada.

**DEFENDANTS**

5. Defendant Lawrence J. Semenza II is an attorney, who once served as the United States Attorney for the District of Nevada. He currently resides at 1826 Indian Bend Drive,

---

[1] The United States recognizes that these three types of assessments described in paragraphs 1.a, 1.b, and 1.c may contain overlapping liabilities. It concedes that, inasmuch as any liability is duplicative of another, such liability should only be collected once.

2

Henderson, Nevada 89074 within this judicial district, and is made a party to this suit because he has unpaid federal tax liabilities, because the United States has federal tax liens against him, and because he has an ownership interest in the Subject Property.

6. Defendant Romie Semenza resides at 1826 Indian Bend Drive, Henderson, Nevada 89074 within this judicial district, and is made a party to this suit because she has unpaid federal tax liabilities, because the United States has federal tax liens against her, and because she has an ownership interest in the Subject Property.

7. Defendant Lawrence J. Semenza, Ltd. is a professional corporation incorporated in the state of Nevada. It is owned and operated by Defendant Lawrence J. Semenza II. It is made a party to this suit because it has unpaid federal tax liabilities

8. Defendant Philippe Schaad (aka "Phillippe Schaad") is a citizen of Switzerland where he resides and is the son of Defendant Romie Semenza. Defendant Philippe Schaad is made a party to this suit pursuant to 26 U.S.C. § 7403(b) because he may claim an interest in the Subject Property.

9. Defendant Shooting Gallery Publications LLC is a business entity formed in the state of Nevada with Entity Number E0386632016-2, which is ostensibly owned and managed by Defendant Philippe Schaad as of June 5, 2022. Defendant Lawrence J. Semenza II serves as the registered agent. Defendant Shooting Gallery Publications LLC is made a party to this suit pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

10. Defendant Tesla, Inc. is made a party to this suit pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

## THE SUBJECT PROPERTY

11. The United States seeks to foreclose federal tax liens against real property that is commonly known as 1826 Indian Bend Drive, Henderson, Nevada 89074, and legally described as follows:

Parcel No. 178-17-713-010

Parcel I: Lot 40 Block B of Legacy Highlands, as shown by map thereof on file in Book 48 of Plats, Page 18, in the office of the County Recorder of Clark County, Nev ADA.

Parcel II: a non-exclusive right of ingress, egress and enjoyment in, to and over those areas depicted as private drives, P.U.E. and common areas on the above-described plat and as shown on the amended official plat of lots 28 through 39 and 52 through 61, Block "B" of Legacy Highlands, as shown by map thereof on file in Book 50 of Plats, Page 58, and the amended official plat of lots 16 through 19, Block "A" of Legacy Highlands, as shown by map thereof on file in Book 53 of Plats, Page 13, in the office of the County Recorder of Clark County, Nevada.

## BACKGROUND

12. For tax years 2001–2013, Defendant Lawrence J. Semenza II was gainfully employed as an attorney in private practice.

13. Defendant Lawrence J. Semenza II did not timely file tax returns for tax years 2001–2010.

14. On August 28, 2014, the United States charged Defendant Lawrence J. Semenza II, by way of Information in the District of Nevada in case number 2:14-cr-00271-JCM-PAL for three counts of failing to file a tax return for the tax years of 2007, 2008, and 2009 in violation of 26 U.S.C. § 7203.

15. On August 28, 2014, a plea agreement was filed wherein Defendant Lawrence J. Semenza II pled guilty to all three counts.

16. On January 16, 2015, judgment was entered against Defendant Lawrence J. Semenza II sentencing him to a total of 18 months' imprisonment and three years of supervised release. The judgment also ordered restitution in the amount of $290,009.

17. Pursuant to 18 U.S.C. § 3613(c), (f), a restitution lien arose in favor of the United States as of the date of sentencing described in paragraph 16 against all property or rights to property, whether real or personal, belonging to the Defendant Lawrence J. Semenza II, including the Subject Property. In addition, said liens immediately attached to all after-acquired property or rights to such property.

18. In accordance with 18 U.S.C. § 3613(d), on January 28, 2015, the United States recorded a Notice of Lien for Fine and/or Restitution against Defendant Lawrence J. Semenza II for $290,009 on the Subject Property, in connection with the criminal case discussed above.

19. On February 4, 2015, the Semenzas purportedly conveyed title of the Subject Property to Defendant Philippe Schaad by way of quitclaim deed.

4

20. Upon information and belief, Defendant Philippe Schaad did not give the Semenzas consideration for title of the Subject Property.

21. On April 17, 2015, Defendant Lawrence J. Semenza II surrendered himself to the Bureau of Prisons to serve his sentence. He was released on August 5, 2016.

22. On June 14, 2021, the IRS sent Defendant Lawrence J. Semenza II notice of intent to foreclose, notifying him that the IRS would authorize the United States Department of Justice to initiate foreclosure proceedings against the Subject Property.

23. On June 10, 2022, Defendant Philippe Schaad purportedly transferred title of the Subject Property to Defendant Shooting Gallery Publications LLC.

24. On September 6, 2022, the Subject Property was listed for sale for $850,000.

## COUNT ONE: REDUCE JOINT FEDERAL TAX ASSESSMENTS AGAINST THE SEMENZAS TO JUDGMENT

25. On the dates, in the amounts, and for the tax periods set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against the Semenzas jointly for unpaid federal income taxes (Form 1040) follows:

| Tax Type | Tax Year | Assessment Date | Assessment Amount and Type of Assessment | | Account Balance* |
|---|---|---|---|---|---|
| Income | 2002 | 11/11/2013 | Tax assessed by examination: | $7,732.00 | |
| | | 03/02/2015 | Tax assessed by examination: | $9,428.00 | $55,823.02 |
| Income | 2003 | 11/11/2013 | Tax assessed by examination: | $21,561.00 | |
| | | 03/02/2015 | Tax assessed by examination: | $8,480.00 | $93,899.87 |
| Income | 2004 | 11/11/2013 | Tax assessed by examination: | $27,799.00 | |
| | | 03/02/2015 | Tax assessed by examination: | $27,120.00 | $164,583.46 |
| Income | 2006 | 02/22/2016 | Tax assessed by examination: | $50,532.00 | |
| | | 05/13/2019 | Tax assessed by examination: | $9,005.00 | $130,494.87 |
| Income | 2007 | 02/22/2016 | Tax assessed by examination: | $15,041.00 | |
| | | 05/13/2019 | Tax assessed by examination: | $12,076.00 | $77,010.03 |
| Income | 2008 | 02/22/2016 | Tax assessed by examination: | $7,430.00 | |
| | | 05/13/2019 | Tax assessed by examination: | $12,095.00 | $50,669.44 |
| Income | 2009 | 02/22/2016 | Tax assessed by examination: | $28,715.00 | |
| | | 05/13/2019 | Tax assessed by examination: | $8,006.00 | $94,581.34 |
| Income | 2010 | 02/22/2016 | Tax assessed by examination: | $9,879.00 | |
| | | 05/13/2019 | Tax assessed by examination: | $8,325.00 | $46,032.90 |
| Income | 2011 | 03/23/2015 | Self-reported tax: | $28,694.00 | $60,263.96 |
| Income | 2012 | 04/20/2015 | Self-reported tax: | $21,392.00 | $42,954.22 |
| Income | 2013 | 04/27/2015 | Self-reported tax: | $161,415.08 | $212,529.84 |
| **TOTAL:** | | | | | **$1,026,444.95** |

* The unpaid balances are accurate as of September 21, 2022. All balances include penalties, interest, and other statutory additions, plus accrued but unassessed interest as of these dates.

26. For tax years 2011, 2012, and 2013, the tax liabilities described in paragraph 25, are based upon the amounts self-reported on the Semenzas' tax returns.

27. Defendant Lawrence J. Semenza II filed a petition in the United States Tax Court, Docket No. 19933-11, regarding the tax periods 2002–2004 described in paragraph 25.

28. On September 9, 2014, the United States Tax Court ordered pursuant to stipulation that Defendant Lawrence J. Semenza II was liable for the taxes in the amounts described above and that the liabilities were calculated on the aggregate income of the Semenzas and were joint and several. Defendant Romie Semenza entered into a Form 906 (Closing Agreement on Final Determination Cover Specific Matters), agreeing to these liabilities and assessments.

29. The Semenzas filed a petition in the United States Tax Court, Docket No. 1985-17 regarding the tax periods 2006–2010 described in paragraph 25.

30. On November 16, 2018, the United States Tax Court ordered pursuant to stipulation that the Semenzas were liable for the taxes in the amounts described above.

31. Timely notice was given and demand for payment of the assessments set forth in paragraph 25 was made to the Semenzas, as required by 26 U.S.C. § 6303.

32. Despite timely notice and demands for payment of the tax assessments described in paragraph 25 the Semenzas have neglected, refused, or failed to make full payment of the assessed amounts to the United States.

33. The Semenzas remain indebted for the balance of the assessments described in paragraph 25 plus penalties, interest, and statutory additions according to law, less any payments or credits.

34. Since the date of the assessments described in paragraph 25, interest has accrued as provided by law. The total amount due and owing on the assessments described in paragraph 25 plus accrued but unassessed interest, computed to September 21, 2022, is $1,026,444.95.

35. In accordance with 26 U.S.C. § 6323(f), on November 12, 2015, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a Notices of Federal Tax Lien (NFTL) with the County Clerk for Clark County, Nevada, against the Semenzas for their unpaid

1  federal income tax liabilities for tax years 2002–04 and 2011–13. The serial number for this NFTL is 182781915.

36. In accordance with 26 U.S.C. § 6323(f), on March 31, 2016, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a NFTL with the County Clerk for Clark County, Nevada, against the Semenzas for their unpaid federal income tax liabilities for tax years 2006–10. The serial number for this NFTL is 203530616.

37. In accordance with 26 U.S.C. § 6323(f), on December 8, 2016, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a NFTL with the County Clerk for Clark County, Nevada, against the Semenzas for their unpaid federal income tax liabilities for tax years 2006–10. The serial number for this NFTL is 238661516.

38. In accordance with 26 U.S.C. § 6323(f), on May 22, 2020, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a NFTL with the County Clerk for Clark County, Nevada, against the Semenzas for their unpaid federal income tax liabilities for tax years 2006–10. The serial number for this NFTL is 415118520.

39. In accordance with 26 U.S.C. § 6323(f), on January 27, 2021, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a NFTL with the County Clerk for Clark County, Nevada, against the Semenzas for their unpaid federal income tax liability for tax year 2013. The serial number for this NFTL is 423972721.

40. In accordance with 26 U.S.C. § 6323(f), on March 17, 2021, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a NFTL with the County Clerk for Clark County, Nevada, against the Semenzas and Defendant Philippe Schaad as the Semenzas' nominee for the Semenzas' unpaid federal income tax liabilities for tax year 2008–13. The serial number for this NFTL is 425281821.

41. In accordance with 26 U.S.C. § 6323(f), on August 3, 2021, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a NFTL with the County Clerk for Clark County, Nevada, against the Semenzas and Defendant Philippe Schaad as the Semenzas' nominee for the Semenzas' unpaid federal income tax liabilities for tax year 2002–04 and 2006–07. The serial number for this NFTL is 423891821.

## COUNT TWO: REDUCE SEPARATE FEDERAL TAX ASSESSMENTS AGAINST DEFENDANT LAWRENCE J. SEMENZA II TO JUDGMENT

42. On the dates, in the amounts, and for the tax periods set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against Defendant Lawrence J. Semenza II separately for unpaid federal income taxes (Form 1040) as follows:

| Tax Type | Tax Period | Assessment Date | Assessment Amount and Type of Assessment | | Account Balance* |
|---|---|---|---|---|---|
| Income | 2005 | 02/11/2013 | Tax assessed by examination: | $28,282.00 | $37,347.37 |
| Income | 2006 | 12/14/2015 | Tax assessed by examination: | $66,291.00 | |
| | | 12/21/2015 | Tax assessed by examination: | $2,280.00 | $46,308.57 |
| Income | 2007 | 12/14/2015 | Tax assessed by examination: | $49,498.00 | |
| | | 12/21/2015 | Tax assessed by examination: | $15,177.00 | $62,257.04 |
| Income | 2008 | 12/14/2015 | Tax assessed by examination: | $32,681.00 | |
| | | 12/21/2015 | Tax assessed by examination: | $30,705.00 | $62,386.00 |
| Income | 2009 | 12/14/2015 | Tax assessed by examination: | $46,720.00 | |
| | | 12/21/2015 | Tax assessed by examination: | $12,165.00 | $58,885.00 |
| Income | 2010 | 12/14/2015 | Tax assessed by examination: | $24,448.00 | |
| | | 12/21/2015 | Tax assessed by examination: | $10,044.00 | $23,448.00 |
| **TOTAL:** | | | | | **$290,631.98** |

* The unpaid balances are accurate as of September 21, 2022. All balances include penalties, interest, and other statutory additions, plus accrued but unassessed interest as of these dates.

43. The 2005–2010 assessments described in paragraph 42 were assessed as a result of the judgment entered in the criminal case described in paragraphs 14–16.

44. Timely notice was given and demand for payment of the assessments set forth in paragraph 42 was made to Defendant Lawrence J. Semenza II, as required by 26 U.S.C. § 6303.

45. Despite timely notice and demands for payment of the tax assessments described in paragraph 42 Defendant Lawrence J. Semenza II has neglected, refused, or failed to make full payment of the assessed amounts to the United States.

46. Defendant Lawrence J. Semenza II remains indebted for the balance of the assessments described in paragraph 42, plus penalties, accrued interest and statutory additions according to law, less any payments or credits.

47. Since the date of the assessments described in paragraph 42, interest has accrued as provided by law. The total amount due and owing on the assessments described in paragraph 42 plus accrued but unassessed interest, computed to September 21, 2022, is $290,631.98.

48. In accordance with 26 U.S.C. § 6323(f), on January 20, 2016, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a NFTL with the County Clerk for Clark County, Nevada, against Defendant Lawrence J. Semenza II for his unpaid federal income tax liabilities for tax years 2006–10. The serial number for this NFTL is 193747716.

49. In accordance with 26 U.S.C. § 6323(f), on September 22, 2021, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a NFTL with the County Clerk for Clark County, Nevada, against Defendant Lawrence J. Semenza II and Defendant Philippe Schaad as Defendant Lawrence J. Semenza II's nominee for his unpaid federal income tax liabilities for tax years 2006–10. The serial number for this NFTL is 438865221.

50. In accordance with 26 U.S.C. § 6323(f), on September 22, 2021, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a NFTL with the County Clerk for Clark County, Nevada, against Defendant Lawrence J. Semenza II and Defendant Philippe Schaad as Defendant Lawrence J. Semenza II's nominee for his unpaid federal income tax liability for tax year 2005. The serial number for this NFTL is 438865721.

**COUNT THREE: REDUCE FEDERAL TAX ASSESSMENTS AGAINST DEFENDANT LAWRENCE J. SEMENZA, LTD. TO JUDGMENT**

51. On the dates, in the amounts, and for the tax periods set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against Defendant Lawrence J. Semenza, Ltd. for unpaid federal corporate income taxes (Form 1120) as follows:

|  | Tax Period | Assessment Date | Assessment Amount and Type of Assessment | Account Balance* |
|---|---|---|---|---|
| Income | 2007 | 2/22/2016 | Tax assessed by examination: $15,177.00 | $44,451.60 |
| Income | 2008 | 2/22/2016 | Tax assessed by examination: $4,439.00 | $13,698.29 |
| Income | 2009 | 2/22/2016 | Tax assessed by examination: $6,583.00 | $19,531.37 |
| **TOTAL:** | | | | **$77,681.26** |

* The unpaid balances are accurate as of October 19, 2022. All balances include penalties, interest, other statutory additions, and accrued but unassessed interest as of these dates.

53. Timely notice was given and demand for payment of the assessments set forth in paragraph 51 was made to the Defendant Lawrence J. Semenza, Ltd., as required by 26 U.S.C. § 6303.

54. Despite timely notice and demands for payment of the tax assessments described in paragraph 51 Defendant Lawrence J. Semenza, Ltd. has neglected, refused, or failed to make full payment of the assessed amounts to the United States.

55. Defendant Lawrence J. Semenza, Ltd. remains indebted for the balance of the assessments described in paragraph 51, plus penalties, accrued interest and statutory additions according to law, less any payments or credits.

56. Since the date of the assessments described in paragraph 51, interest has accrued as provided by law. The total amount due and owing on the assessments described in paragraph 51 plus accrued but unassessed interest, computed to October 19, 2022, is $77,681.26.

57. In accordance with 26 U.S.C. § 6323(f), on March 31, 2016, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a NFTL with the County Clerk for Clark County, Nevada, against Defendant Lawrence J. Semenza, Ltd. for its unpaid federal income tax liabilities for tax year 2007–09. The serial number for this NFTL is 203530716.

58. In accordance with 26 U.S.C. § 6323(f), on May 22, 2020, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a NFTL with the County Clerk for Clark County, Nevada, against Defendant Lawrence J. Semenza, Ltd. for its unpaid federal income tax liabilities for tax year 2007–09. The serial number for this NFTL is 415119320.

**COUNT FOUR: THE TRANSFER OF THE SUBJECT PROPERTY TO DEFENDANT PHILIPPE SCHAAD WAS ACTUALLY FRAUDULENT UNDER NEV. REV. STAT. § 112.180(1)(a)**

59. The Semenzas/Defendant Lawrence J. Semenza II transferred the title of the Subject Property to Defendant Philippe Schaad with the actual intent of hindering, delaying, or defrauding the United States, and this transfer was therefore fraudulent under Nev. Rev. Stat.

§ 112.180(1)(a). *See* paragraphs 14–20 (alleging that the Semenzas transferred the Subject Property to Defendant Philippe Schaad for no consideration shortly after Defendant Lawrence J. Semenza II was criminally convicted and ordered to pay restitution); paragraphs 25–28, 42–45 (alleging that the Semenzas and Defendant Lawrence J. Semenza II transferred the Subject Property after the Semenzas incurred substantial tax liabilities).

**COUNT FIVE: THE TRANSFER OF THE SUBJECT PROPERTY TO DEFENDANT PHILIPPE SCHAAD WAS CONSTRUCTIVELY FRAUDULENT UNDER NEV. REV. STAT. § 112.180(1)(b)**

60. The Semenzas/Defendant Lawrence J. Semenza II transferred the title of the Subject Property to Defendant Philippe Schaad without receiving a reasonably equivalent value in exchange for the transfer, and were engaged in a business or transaction for which their/his remaining assets were unreasonably small in relation to the business or transaction, and/or they/he intended to incur, or believed or reasonably should have believed that they/he would incur, debts beyond their/his ability to pay as they became due. *See* paragraphs 14–20 (alleging that the Semenzas transferred the Subject Property to Defendant Philippe Schaad for no consideration shortly after Defendant Lawrence J. Semenza II was criminally convicted and ordered to pay restitution); paragraphs 25–28, 42–45 (alleging that the Semenzas and Defendant Lawrence J. Semenza II transferred the Subject Property after the Semenzas incurred substantial tax liabilities).

**COUNT SIX: TO THE EXTENT THAT DEFENDANT PHILIPPE SCHAAD AND/OR DEFENDANT SHOOTING GALLERY PUBLICATIONS LLC HOLDS OR HELD TITLE TO THE SUBJECT PROPERTY IT IS/WAS AS THE NOMINEE/ALTER EGO/CONSTRUCTIVE TRUST OF THE SEMENZAS**

61. Defendant Lawrence J. Semenza II purchased the Subject Property with his ex-wife in 1993 and has lived there ever since. After his divorce and remarriage to Defendant Romie Semenza, Defendant Lawrence J. Semenza II added Defendant Romie Semenza to the property deed on June 12, 2002.

62. Defendant Lawrence J. Semenza II made the down payment associated with the purchase, and he and/or Defendant Romie Semenza also made all mortgage payments prior to the transfer to Defendant Philippe Schaad.

63. The Semenzas purportedly transferred the Subject Property to Defendant Philippe Schaad for no consideration.

64. No appraisal was done before the purported transfer to Defendant Philippe Schaad.

65. The Semenzas purportedly transferred the Subject Property to Defendant Philippe Schaad shortly after Defendant Lawrence J. Semenza II was criminally convicted and ordered to pay restitution to the United States.

66. Defendant Philippe Schaad is the son of Defendant Romie Semenza.

67. Defendant Philippe Schaad transferred the Subject Property to Defendant Shooting Gallery Publications LLC for no consideration.

68. Defendant Philippe Schaad owns Defendant Shooting Gallery Publications LLC as the sole managing member.

69. The Semenzas maintain complete dominion and control over the Subject Property and enjoy all the incident benefits and burdens of ownership.

70. The Semenzas are the sole occupants of the Subject Property and utilize the Subject Property as their primary, personal residence.

71. Defendant Philippe Schaad and/or Defendant Shooting Gallery Publications LLC have in no way interfered with the Semenzas' enjoyment or use of the Subject Property.

72. The Semenzas paid the utilities, maintenance, and real estate taxes for the Subject Property, to the extent that they were paid.

73. The Semenzas also paid for expenses related to the Subject Property's swimming pool, landscaping, and other amenities.

74. The Semenzas have made no payment to either Defendant Philippe Schaad or Defendant Shooting Gallery Publications LLC for the use of the Subject Property, either before or after the purported transfer from the Semenzas to Defendant Philippe Schaad.

75. There was no written agreement between the Semenzas and Defendant Philippe Schaad and/or Defendant Shooting Gallery Publications LLC regarding the Subject Property and payment of expenses.

76. To the extent that Defendant Philippe Schaad and/or Defendant Shooting Gallery Publications LLC held or hold an interest in the Subject Property, they did so as the nominee/alter ego/constructive trust of the Semenzas and/or Defendant Lawrence J. Semenza II. Any claim or interest in the Subject Property by Defendant Philippe Schaad and/or Defendant Shooting Gallery Publications LLC is fraudulent and/or non-existent. Any such claims were part of a scheme to defraud creditors of the Semenzas, including the United States, and have no merit.

## COUNT SEVEN: FORECLOSE FEDERAL TAX LIENS

77. Pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens for unpaid tax liabilities arose in favor of the United States as of the dates of all the assessments described in paragraphs 25 and 42 against all property or rights to property, whether real or personal, belonging to the Semenzas, including the Subject Property. In addition, said liens immediately attached to all after-acquired property or rights to such property.

78. The tax liens arising from the assessments described in paragraphs 25 and 42 continue to attach to the Subject Property and have priority over all interests in the Subject Property acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323(a).

79. Under 26 U.S.C. § 7403(c), the United States is entitled to enforce its federal tax liens and judgment lien against the Subject Property, which should be sold free and clear of all rights, titles, liens, claims, and interests of the parties to this action, with an appropriate portion of the net proceeds to be distributed to the United States for application toward the unpaid federal tax liabilities of the Semenzas in accordance with the law.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, the United States of America, prays that the Court adjudge and decree as follows:

A. That this Court determine and adjudge that the Semenzas are indebted to the United States for the assessments described in paragraph 25, above, in the amount of $1,026,444.95, as of September 21, 2022, less any subsequent payments or credits, plus interest and other statutory additions, as provided by law, and that judgment in that amount be entered against the Semenzas and in favor of the United States;

B. That this Court determine and adjudge that Defendant Lawrence J. Semenza II is indebted to the United States for the assessments described in paragraph 42, above, in the amount of $290,631.98, as of September 21, 2022, less any subsequent payments or credits, plus interest and other statutory additions, as provided by law, and that judgment in that amount be entered against Defendant Lawrence J. Semenza II and in favor of the United States;

C. That this Court determine and adjudge that Defendant Lawrence J. Semenza, Ltd., is indebted to the United States for the assessments described in paragraph 51, above, in the amount of $77,681.26, as of October 19, 2022, less any subsequent payments or credits, plus interest and other statutory additions, as provided by law, and that judgment in that amount be entered against Defendant Lawrence J. Semenza, Ltd., and in favor of the United States;

D. That this Court determine and adjudge that the United States has valid federal tax and judgment liens against all property and rights to property of the Semenzas, including, but not limited to, their interest in the Subject Property;

E. That this Court determine and adjudge that Defendant Philippe Schaad and/or Defendant Shooting Gallery Publications LLC hold or held title to the Subject Property as the nominee/alter-ego/constructive trust of the Semenzas and/or Defendant Lawrence J. Semenza II, that the United States has valid and subsisting federal tax and judgment liens against Defendant Shooting Gallery Publications LLC, Defendant Philippe Schaad, and the Semenzas, and that such liens attach to the Subject Property;

F. That the Court determine and adjudge that the transfers of the Subject Property to Defendant Shooting Gallery Publications LLC and Defendant Philippe Schaad were actually fraudulent and/or constructively fraudulent;

G. That the liens be foreclosed and the Subject Property be sold with the proceeds applied to the delinquent federal tax liabilities of the Semenzas;

H. That to the extent proceeds for the sale of the Subject Property fail to satisfy the tax liens against the Semenzas, a deficiency judgment in that amount be entered against the Semenzas; and

I. That the United States be granted its costs and fees herein, and such other and further relief as this Court deems just and proper.

Dated: December 13, 2022.

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Kenton McIntosh*
LANDON YOST
KENTON MCINTOSH
Trial Attorney, Tax Division
U.S. Department of Justice