DAVID A. HUBBERT
Deputy Assistant Attorney General

LANDON YOST
KENTON MCINTOSH
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
Phone: 202-307-2144 (Yost); 202-514-3768 (McIntosh)
Fax: 202-307-0054
Landon.M.Yost@usdoj.gov
Kenton.McIntosh@usdoj.gov

*Counsel for the United States*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 2:22-cv-02059-APG-DJA |
| v. | ) **ORDER RE:** |
| | ) **PROPOSED JOINT DISCOVERY PLAN AND SCHEDULING ORDER** |
| LAWRENCE J. SEMENZA II; ROMIE SEMENZA; PHILIPPE SCHAAD; LAWRENCE J. SEMENZA, LTD.; SHOOTING GALLERY PUBLICATIONS LLC.; and TESLA, INC., | ) **SPECIAL SCHEDULING REVIEW REQUESTED** |
| Defendants. | ) |

Pursuant to FRCP 26(f) and LR 26-1, counsel for the parties held a Discovery Conference on March 8, 2023. Plaintiff United States of America and Defendants Lawrence J. Semenza, Romie Semenza, Philippe Schaad, Lawrence J. Semenza, Ltd., and Shooting Gallery Publications, LLC (collectively, the "Parties"), by and through their counsel of record, conducted a 26(f) conference on March 8, 2023, and hereby submit their Proposed Joint Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 16 and 26, as well as LR 16-1 and 26-1.

**L.R. 26-1(b) Applicable Deadlines**

(1) <u>Discovery Cut Off Date</u>. Rather than a 180-day period for discovery beginning from the date of the appearance of the first defendant as contemplated in LR 26-1(b)(1) – i.e., February 6, 2023 – the Plaintiff requests an approximately 150-day extension of up-to-and-including **Monday, January 1, 2024**. Plaintiff contends that such an extension is merited because of the complexity of the case, involving a multitude of parties, years of accounting, and international transactions. Defendants are agreeable to a reasonable extension of this time to accommodate schedules but dispute the basis for the Plaintiff's characterization of the case and disagree that this case involves years of accounting or international transactions.

(2) <u>Amending the Pleadings and Adding Parties</u>. Motion to amend pleadings and motions to add parties shall be made 90 days before the close of discovery, i.e., **Tuesday, October 3, 2023**.

(3) <u>Expert Witness Disclosures</u>. The disclosure of any expert witnesses shall be made 120 days before the discovery deadline: **Sunday, September 3, 2023**. The disclosures of any rebuttal experts shall be no later than: **Thursday, November 2, 2023**. The requirements of FRCP 26(a)(2)(B) shall apply to any such disclosures.

(4) <u>Dispositive Motions</u>. Dispositive motions shall be filed no later than 30 days after the discovery cut-off date: **Wednesday, January 31, 2024.**

(5) <u>Pretrial Order</u>. The Joint Pretrial Order (including FRCP 26(a)(3) disclosures by the Parties) shall be filed no later than 30 days after the Dispositive Motion Deadline: **Friday, March 31, 2024**. However, in the event that dispositive motions are filed, the date for filing the Joint Pretrial Order (including FRCP 26(a)(3) disclosures by the Parties) shall be suspended until 30 days after a decision on the dispositive motions or further order of the Court. Also, once the Parties' FRCP 26(a)(3) disclosures are made, the Parties' objections, if any, to the disclosures shall be made no later than 14 days after the disclosures are made in conformity with FRCP 26(a)(3)(B).

(7) <u>Alternative Dispute Resolution</u>. The Parties certify that, as part of the Discovery Conference on March 8, 2023, counsel met and conferred regarding the possibility of

using alternative dispute-resolution (ADR) processes including mediation, arbitration, and early neutral evaluation. As a result of those discussions, the Parties agreed that a decision about ADR should be deferred until after the parties have conducted the majority of their anticipated discovery.

(8)     <u>Alternative Forms of Case Disposition</u>. The Parties certify that their counsel also met and conferred regarding trial by a magistrate judge under 28 U.S.C. § 636(c) and FRCP 73 and the use of the Short Trial Program (General Order 2013-01). The Parties did not reach an agreement to submit to trial with the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Moreover, the Parties do not consent to using the Short Trial Program pursuant to General Order 2013-01.

**FRCP 26(f)(3) Discovery Plan**

(A)     The Parties shall make their initial disclosures thirty-seven days from the date of the Rule 26(f) conference - on or before **Friday, April 14, 2023**.

(B)     The Parties shall conduct discovery on all claims and affirmative defenses pursuant to the Federal Rules of Civil Procedure. Discovery will include interrogatories, requests for production of documents, requests for admission, depositions, and third-party subpoenas. Discovery does not need to be conducted in phases or limited or focused on particular issues.

(C)   There are no anticipated issues as to disclosure, discovery, or preservation of electronically stored information.

• The Parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. This duty includes the preservation and availability of electronically-stored information (ESI). Nothing herein shall be construed as an admission or agreement by the Parties of when any duty to preserve arose or that the categories listed below are discoverable.

The Plaintiff asserts that the duty of Lawrence J. Semenza, Romie Semenza, and Lawrence J. Semenza, Ltd. to preserve includes but is not limited to paper documents and ESI related to the following:

    1.  their income taxes for the tax years at issue in this case, financial information from 2002 to present,

      2. the valuation of the Subject Property,[1]

      3. the transfer of the Subject Property to Philippe Schaad, and

      4. all transfers of funds and/or assets between these Philippe Schaad, Shooting Gallery Publications, LLC, Lawrence J. Semenza, Romie Semenza, and Lawrence J. Semenza, Ltd. since 2013.

The Plaintiff proposes that the duty of Philippe Schaad and Shooting Gallery Publications, LLC to preserve includes but is not limited to paper documents and ESI related to the following:

      1. the transfers of the Subject Property to Philippe Schaad and to Shooting Gallery Publications, LLC, and all transfers of funds and/or assets between Philippe Schaad, Shooting Gallery Publications, LLC, Lawrence J. Semenza, Romie Semenza, and Lawrence J. Semenza, Ltd. since 2013.

Defendants dispute the scope of the Plaintiff's position, particularly as it pertains to any transfer of funds between Schaad and the Semenzas as that is beyond the scope of the Plaintiff's claims and not proportional to the needs of the case.

The Plaintiff maintains that all transfers in this timeframe between Lawrence J. Semenza II and Romie Semenza and their affiliates with Philippe Schaad and his affiliates would be relevant regardless of whether Defendants recognize the transfers as relating to the Subject Property.

The Defendants propose that the duty of the United States to preserve includes but is not limited to paper documents and ESI related to the following:

      1. the collection efforts and assessments of Lawrence J. Semenza, Romie Semenza, and Lawrence J. Semenza, Ltd for the tax assessments at issue in this case; and

      2. Communications that concern, reference or relate to any of the Defendants, including communications related to the release issued by the United States Attorney's Office for the District of Nevada of a judgment lien against the

---

[1] The Subject Property is the real property that is commonly known as 1826 Indian Bend Drive, Henderson, Nevada 89074.

Subject Property that the United States held as a result of criminal proceedings against Mr. Semenza.

The Plaintiff asserts that any such communications listed in item 2 (to the extent they exist) would likely be protected from disclosure by the attorney-client privilege, and contends that such communications are not relevant to this proceeding as it declined to raise the judgment lien in this litigation, opting instead to raise only the distinct tax liens alleged in the Complaint. *See United States v. Overman*, 424 F.2d 1142, 1147 (9th Cir. 1970) ("[T]ax liens are merged neither into the judgment nor into the judgment liens; they continue to exist independently of either.").

The Defendants disagree and note that unless any claimed privilege is established by a privilege log, all such communications are still discoverable as they may lead to the discovery of admissible evidence, and are relevant to the claims and defenses and proportional to the needs of the case.

- The Parties agree that data compilations, photographs, ESI and other documents will be produced in portable document format (PDF) whenever possible, but the Parties will make such information available in its native electronic format when reasonably possible upon a showing of good cause by the requesting party. Tangible things will be preserved, identified, and made available for inspection.
- The Parties agree that the following categories of ESI need not be preserved:
  - Deleted, slack, fragmented, or other data only accessible by forensics.
  - Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.
  - On-line access data such as temporary internet files, history, cache, cookies, and the like.
  - Data in metadata fields that are frequently updated automatically, such as last-opened dates
  - Back-up data that are substantially duplicative of data that are more accessible elsewhere.
  - Server, system or network logs.
  - Data remaining from systems no longer in use that is unintelligible on the systems in use.
  - Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

(D) There are no known issues as to claims of privilege or protection. The Parties agree on the following:

- Upon opening of discovery, Parties have agreed to work together to protect reasonable claims of attorney-client privilege, work product privilege, and other privileges that are asserted after production. Data compilations, photographs, ESI and other documents are being produced with the understanding that any work product, attorney-client privilege, confidential, private, personal, trade secret, or proprietary information or material which may be inadvertently disclosed shall not lose any such privilege or other applicable protection for the information or subject matter inadvertently disclosed so long as the party making the inadvertent disclosure promptly notifies the other parties as soon as it becomes aware of the disclosure. In the event that any party finds any inadvertently-disclosed information, including without limitation electronically-imbedded information and metadata, that party shall immediately notify the disclosing party and return, sequester, or destroy any copies. Should the disclosing party discover that protected information was inadvertently disclosed, upon written notice to any receiving party, the receiving party shall likewise return, sequester, or destroy any copies. Notwithstanding the above, the Parties will take reasonable precautions to avoid inadvertent disclosure.

(E) No changes should be made in the limitations of discovery imposed under Federal Rules of Civil Procedure or local rules.

(F) There are no other issues that the court should consider at this time.

| PISANELLI BICE, PLLC | U.S. DEPT. OF JUSTICE, TAX DIVISION |
|---|---|
| By /s/ Todd L. Bice<br>Todd L. Bice<br>*Attorney for Lawrence J. Semenza II, Romie Semenza, and Lawrence J. Semenza, LTD.* | By /s/ Kenton McIntosh<br>Kenton McIntosh<br>*Attorney for the United States*<br><br>By /s/ Landon Yost<br>Landon Yost<br>*Attorney for the United States* |
| **MCMENEMY HOLMES PLLC**<br><br>By /s/ Dustun H. Holmes<br>Dustun H. Holmes<br>*Attorney for Philippe Schaad and Shooting Gallery Publications, LLC* | |

**ORDER**

Having reviewed the parties' discovery plan, the Court notes that it contains certain errors. The plan deviates from the standard expert disclosure schedule outlined in Local Rule 26-1(b)(3) without explanation. It also sets an expert disclosure deadline on a Sunday instead of moving the date to the following Tuesday (September 4, 2023 is a holiday) under Federal Rule of Civil Procedure 6(a)(1)(C). Additionally, the parties have calculated the pretrial order sixty days after the dispositive motion deadline, but assert that it is thirty days after.

IT IS THEREFORE ORDERED that the proposed joint discovery plan [16] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the parties shall meet and confer and file a revised stipulated discovery plan and scheduling order by **April 14, 2023**.

DATED this 7th day of April, 2023.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE