**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

United States of America,

Plaintiff

v.

Lawrence J. Semenza II, et al.,

Defendants

Case No.: 2:22-cv-02059-JAD-NJK

**Order Taxing Costs and Granting Schaad's Motion to Disburse Funds**

[ECF Nos. 180, 182, 187, 190]

Lawrence J Semenza II owes nearly $1.3 million in criminal restitution and tax assessments after pleading guilty to not paying years of taxes. When attempting to collect, the United States discovered that Lawrence may have been dissipating his assets through his relatives in the attempt to avoid liability. So the federal government sued Semenza, his late wife's estate, and his step-son Phillipe Schaad, alleging that Semenza improperly transferred his home to Schaad shortly after his sentencing to place this asset beyond the government's reach. Chief Judge Andrew P. Gordon entered summary judgment against the Semenzas, and a bench trial was then held on the sole question of whether the government's then-unrecorded tax liens entitled it to the proceeds from Schaad's now-sold home. I concluded that the transfer was fraudulent because it was intended to evade a creditor and that Schaad was not a good-faith transferee because he had reasons to believe that the transfer's purpose was fraudulent. To return the parties to their pre-transfer position, I awarded the government $406,531.73—the equity in excess of the mortgage plus the amount Semenza purportedly paid Schaad to rent the home—and found that the remaining $247,715 would be disbursed to Schaad.

Both parties now seek costs, each claiming that it is the prevailing party in this action. And Schaad seeks an order directing the Clerk of Court to disburse his funds to his law firm's

IOTLA trust account instead of to him directly. Because I find that the dispute between Schaad and the United States was a close call and yielded mixed results, I exercise my discretion to deny costs to both parties. And I grant Schaad's dispersal motion as unopposed because the government opposes it only by asking that it be resolved before the bill-of-costs dispute, which is no longer an impediment to dispersal.

## Discussion

### A. The dueling motions for costs are denied.

Federal Rule of Civil Procedure 54(d)(1) provides that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." The rule "create[s] a presumption in favor of awarding costs to the prevailing party,"[1] and a "party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d)."[2] But in the event of a mixed judgment, "it is within the discretion of a district court to require each party to bear its own costs."[3] And even if one party is clearly the prevailing one, the court has discretion to refuse to tax costs. "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties."[4]

---

[1] *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) (citing *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1994)).

[2] *Id.* (quoting *d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886 (9th Cir. 1977)).

[3] *Id.* (citing *Testa v. Village of Mundelein*, 89 F.3d 443 (7th Cir. 1996)).

[4] *Escriba v. Foster Poultry Farms*, 743 F.3d 1236, 1247–48 (9th Cir. 2014) (citing *Ass'n of Mexican-American Educ. v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc)).

Though the United States ultimately prevailed on its fraudulent-transfer theory, it was not a clean win. The government advanced several theories supporting its claim that it was entitled to all of the proceeds stemming from the sale of the home. It lost on three theories but prevailed on the fourth: that Semenza fraudulently transferred the home to Schaad with the intent of hiding that asset from his creditor. I also concluded that Schaad was not entitled to the good-faith defense to fraudulent transfer because available facts existed to make him aware that Semenza's transfer was intended to "delay, hinder, or defraud" his creditors.[5]

I did not award the government everything it asked for. I concluded that the government was not entitled to the total $654,246.73 of proceeds from the sale of the house, finding instead that it could recover "the equity in excess of the mortgage" and the amount that Semenza "purportedly paid in rent."[6] So the United States was entitled to $406,531.73, and Schaad was entitled to the remaining $247,715. Although judgment was entered in favor of the United States, the result was mixed: the United States didn't receive 100% of the proceeds that it argued it was entitled to, and neither did Schaad. I thus exercise my discretion to require that the parties bear their own costs for this action.[7]

Even if the results weren't mixed, I would still exercise my discretion to deny the government's request for fees. This was a close, complex case with plenty of evidence supporting each side. And the economic disparities between the United States and a private

---

[5] ECF No. 175 at 29.

[6] *Id.* at 32–33.

[7] For largely the same reasons, I also deny Schaad's motion for costs. Though he did prevail on some of the legal theories the government relied on, his contention that the United States was not entitled to any of the home-sale proceeds ultimately lost. But he was successful in receiving more than 30% of those proceeds, and I exercise my discretion to deny Schaad's motion because the judgment contained mixed results.

party, while not dispositive, weigh against awarding costs to the government under these circumstances. So I deny both motions and find that the parties must each bear their own costs.

**B. Schaad's motion to release funds is granted.**

Schaad moves for an order directing that the funds he was awarded be disbursed to his attorneys instead of to him directly.[8] The United States opposes only the timing of this request, contending that the disbursal of Schaad's funds should not occur before the motions for costs are resolved.[9] And last week, the parties filed a stipulation to release the funds as requested, minus the amount in disputed costs, until those motions are resolved. Because I have resolved those costs motions, the government's opposition request and the subsequently filed stipulation are now moot. So I grant Schaad's initial motion and direct the Clerk to disburse his award to McMenemy Holmes PLLC.

**Conclusion**

IT IS THEREFORE ORDERED that the objections **[ECF Nos. 180, 182]** to the bills of costs (ECF Nos. 177, 178) **are SUSTAINED** and the bills of costs are DENIED. Each party must bear its own costs in this action.

IT IS FURTHER ORDERED that Schaad's motion for release of funds **[ECF No. 187] is GRANTED**, and the stipulation to permit the partial release of funds **[ECF No. 190] is DENIED as moot. The Clerk of Court is authorized and directed to disburse the entirety of the funds awarded to Philippe Schaad in the court's prior order (ECF No. 185) and**

[8] ECF No. 187.

[9] ECF No. 188.

**judgment (ECF No. 186) to McMenemy Holmes PLLC, as attorneys for Philippe Schaad, for deposit into the firm's IOLTA trust account.**

U.S. District Judge Jennifer A. Dorsey
October 6, 2026